IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:08-CR-116 KJM |
| Plaintiff, | |
| v. | |
| CHARLES HEAD, | ORDER |
| Defendant. | |

On October 16, 2013, the court heard argument on the motion to quash by subpoenaed witness Omar Sandoval. Michael Bigelow appeared for Mr. Sandoval, and Dwight Samuel appeared for defendant Benjamin Budoff, on whose behalf he had subpoenaed Mr. Sandoval. Assistant United States Attorneys Michael Anderson and Matthew Morris also were present. For the reasons set forth briefly below, the court DENIES the motion to quash.

By way of background, the court previously has granted Mr. Budoff's request to subpoena Mr. Sandoval under Federal Rule of Criminal Procedure 17(b). Mr. Sandoval also appears on the government's witness list for trial, scheduled to begin October 21, 2013. At hearing the government indicated it did not know if it would call him to testify; the court's pretrial order provides, however, that any party may call a witness identified on another's list. Mr. Sandoval is no stranger to this court, having testified recently in trial of another case, *United States v. Charles Head, et al.*, Case No. 2:08-

CR-093 KJM.  His testimony followed his own guilty plea in that case, and was subject to a cooperation agreement with the government made as part of his plea.  At hearing, Mr. Bigelow clarified that if Mr. Sandoval were asked the same questions in this case as in the prior case, Mr. Sandoval would not invoke his Fifth Amendment right to remain silent.  He might, however, invoke this right in response to other questions.  Mr. Bigelow also confirmed Mr. Sandoval's hardship claim, made in his brief, given that responding to the subpoena would take Mr. Sandoval away from his new job and his family for some period of time.  At the same time, Mr. Bigelow acknowledged that Mr. Samuel has subpoenaed Mr. Sandoval for a date certain in order to minimize hardship, and that Mr. Sandoval will not lose his job if the subpoena is not quashed.

Ultimately, the court's resolution of the motion turns on whether Mr. Sandoval's testimony is "necessary" for Mr. Budoff to present an adequate defense.  FED. R. CR. P. 17(b).  The necessity requirement is met if the testimony of the witness "would be relevant to any issue in the case." *United States v. Sims*, 637 F.2d 625, 627-28 (9th Cir. 1980).  At hearing, Mr. Samuel argued that the relevancy threshold is met by virtue of the fact that Mr. Budoff and Mr. Sandoval worked in the foreclosure rescue business at issue in the indictment for an overlapping period of time, and that Mr. Sandoval who had a more central role in the business will testify he did not know Mr. Budoff.  He argued these facts in themselves are relevant to the question of whether Mr. Budoff has the requisite knowledge and intent to be convicted of the conspiracy with which he is charged.  The court finds Mr. Budoff has meet his burden of establishing necessity.

At this stage of the case, before trial begins, the court does not have sufficient information to determine if Mr. Sandoval's testimony will be cumulative of other witness testimony elicited at trial.  *Sims*, 637 F.2d at 629.

Accordingly, the motion to quash is DENIED without prejudice to renewal on grounds that Mr. Sandoval's testimony will be cumulative.

Dated: October 18, 2013.

_____
UNITED STATES DISTRICT JUDGE

2